UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:16cv62568

MAHMOUD ABDELAZIAZ,

    Plaintiff,

v.

SYNCHRONY BANK,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**INJUNCTIVE RELIEF SOUGHT**

Plaintiff MAHMOUD ABDELAZIAZ ("Plaintiff"), by and through undersigned counsel, seeks redress for the illegal practices of Defendant SYNCHRONY BANK ("Defendant"), to wit, for Defendant's violations of 47 U.S.C. § 227, the Telephone Consumer Protection Act, and Florida Statute § 559.551, the Florida Consumer Collection Practices Act, and in support thereof, Plaintiff states the following:

**INTRODUCTION**

1.    The Telephone Consumer Protection Act (the "TCPA") was enacted to prevent companies, such as Defendant, from invading the privacy of American citizens, and to prevent abusive robocalls.

2.    "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." Mims v. Arrow Fin. Serves. LLC, 132 S.Ct. 740, 745, (2012).

3.    "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force

the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991) Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." <u>Osario v. State Farm Bank, F.S.B.</u>, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission ("FCC"), "[u]nwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal.

## JURISDICTION AND VENUE

5. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

6. Subject matter jurisdiction – Federal Question Jurisdiction – for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). *See* <u>Mims</u>, --US--, 132 S.Ct. 740 at 745; <u>Osorio</u>, 746 F.3d 1242 at 1248.

7. The alleged violations described herein occurred in Broward County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. § 1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

9. Plaintiff is the "Called Party." *See* Breslow v. Wells Fargo Bank, N.A., 755 F. 3d 1265 (11th Cir. 2014); Osorio, 746 F.3d 1242 at 1248.

10. Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

11. Defendant is a corporation with a principal place of business located at 170 West Electron Road, Suite 125, Draper, Utah 84020, and is doing business in the State of Florida.

12. The Debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute § 559.55(6).

13. Defendant is a "creditor" as defined in Florida Statute § 559.55(5).

14. Plaintiff is the regular user and carrier of the cellular telephone number at issue, to wit, XXX-XXX-9258 ("Plaintiff's Cellphone"), and is the Called Party and recipient of Defendant's hereinafter described calls.

15. On or about February 2, 2016, Plaintiff began receiving calls on Plaintiff's Cellphone from Defendant seeking to recover an alleged debt.

16. Upon recipient of such calls from Defendant, Plaintiff's caller identification ("caller ID") identified the calls as being initiated from, but not limited to, (877) 317-5659, whereby when such numbers were called by Plaintiff, the call would be answered by a pre-recorded message stating, *inter alia*, "[t]his entire call will be recorded and monitored. Thank you for calling Synchrony Bank."

17. Upon information and belief, and at all times material hereto, some and/or all of the calls Defendant made to Plaintiff's Cellphone were made using an "automatic telephone dialing system" (an "ATDS") which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator (including, but not limited to, a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as

specified by 47 U.S.C. § 227(a)(1) ("ATDS Calls").

18. Plaintiff will testify that he knew it was an ATDS because when Plaintiff answered a call from Defendant, Plaintiff would hear either an extended pause before a represented would come on the line, or an automated message telling Plaintiff that the call was from Defendant and to please return Defendant's call at a provided number.

19. Some and/or all of the calls at issue were placed by Defendant using a "prerecorded voice" as specified by 47 U.S.C. § 227(b)(1)(A).

20. None of Defendant's telephone calls to Plaintiff's Cellphone were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

21. On or about February 25, 2016, Plaintiff received a call from Defendant, whereby Plaintiff –after answering such call, waiting through an extended pause, and ultimately being connected to a live representative of Defendant – demanded that Defendant, *inter alia*, cease placing calls to Plaintiff's Cellphone (the "Original Revocation Call").

22. During the Original Revocation Call, Plaintiff unequivocally revoked any express consent Defendant may have had for placement of telephone calls to Plaintiff's Cellphone by and through the use of an ATDS and/or prerecorded or acritical voice.

23. All calls made to Plaintiff's Cellphone after the Original Revocation Call were made without the *express consent* of Plaintiff.

24. All calls made to Plaintiff's Cellphone by Defendant after the Original Revocation Call were calls Defendant made knowingly and willfully.

25. Due to the continued campaign of telephone calls from Defendant, Plaintiff, again, answered Defendant's telephone call, waited through an extended pause, and after finally being connected to a live representative of Defendant, again advised Defendant's representative to, *inter*

*alia*, cease placing calls to Plaintiff's Cellphone.

26. Despite actual knowledge of its wrongdoing, Defendant continued its campaign of abuse by, *inter alia*, calling Plaintiff's Cellphone, despite Plaintiff's repeated, express revocation of any consent Defendant may have had to place any such calls to Plaintiff's Cellphone.

27. On at least four (4) separate occasions, Plaintiff has either answered a call from Defendant or returned a call from Defendant regarding her account with Defendant, waited to be connected to a live representative of Defendant, and *demanded* that Defendant cease placing calls to Plaintiff's Cellphone. Plaintiff's principal reason for answering such calls and making such demands to Defendant was the cumulative injury and annoyance Plaintiff suffered from the calls placed to Plaintiff's Cellphone by Defendant (such injures are further described below).

28. All requests made by Plaintiff to Defendant for Defendant to stop harassing Plaintiff were ignored.

29. From about February 1, 2016 through the filing of the Complaint, Defendant has placed *a minimum* of thirty-five (35) calls to Plaintiff's Cellphone, as well as left *a minimum* of twenty-five (25) prerecorded voicemail messages on Plaintiff's Cellphone.

30. Defendant intentionally harassed and abused Plaintiff on numerous occasions by, *inter alia*, calling Plaintiff's Cellphone multiple times within a twenty-four (24) hour period and/or multiple times within a forty-eight (48) hour period, whereby the frequency of calls received by Plaintiff (on Plaintiff's Cellphone) from Defendant can be reasonably expected to harass.

31. All calls Defendant placed to Plaintiff's Cellphone without the express consent of Plaintiff resulted in resulted in injury to Plaintiff, to wit, the invasion of Plaintiff's privacy and the intrusion of Plaintiff's right of seclusion.

32. All calls Defendant placed to Plaintiff's Cellphone without the express consent of

Plaintiff resulted in injury to Plaintiff, to wit, the occupation of the telephone line associated with Plaintiff's Cellphone via unwelcomed calls from Defendant, making Plaintiff's Cellphone unavailable for legitimate calls, and/or making Plaintiff's Cellphone unavailable for outgoing calls while Plaintiff's Cellphone was ringing from Defendant's call.

33. All calls Defendant placed to Plaintiff's Cellphone without the express consent of Plaintiff resulted in injury to Plaintiff, to wit, the unnecessary expenditure of Plaintiff's time. Plaintiff had to waste time to deal with missed call notifications and call logs produced by Plaintiff's Cellphone as a result of Defendant's unwanted calls. Also, such unwanted calls further impaired the usefulness of such features, in that, such features are designed to inform Plaintiff of important missed communications.

34. All calls Defendant placed to Plaintiff's Cellphone without the express consent of Plaintiff resulted in resulted in injury to Plaintiff, to wit, nuisance and annoyance to Plaintiff, whereby – for all calls that Plaintiff answered – Plaintiff has to go through the unnecessary trouble of having to answer such unwanted calls – and for calls that Plaintiff did not answer, Plaintiff had to deal with missed call notifications and call logs that reflected such unwanted calls. This also impaired the usefulness of said features of Plaintiff's Cellphone, whereby such features were designed to inform Plaintiff of important missed communications.

35. All calls Defendant placed to Plaintiff's Cellphone without the express consent of Plaintiff resulted in injury to Plaintiff, to wit, the unnecessary expenditure of Plaintiff's Cellphone's battery power.

36. All calls Defendant placed to Plaintiff's Cellphone without the express consent of Plaintiff resulted in injury to Plaintiff, to wit, trespass to Plaintiff's chattel, to wit, Plaintiff's Cellphone and related cellular phone service.

37. As a result of the above described calls, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress, and aggravation.

38. Defendant's corporate policy is structed so as to continue to call individuals, such as Plaintiff, dispute such individuals explaining to Defendant that he or she does not wish to be called by Defendant anymore.

39. Defendant's corporate policy provides no means for Plaintiff to have Plaintiff's cellular telephone number removed from Defendant's call list.

40. Defendant has numerous other federal lawsuits pending against it which allege violations similar to the violations set forth in this Complaint.

41. Defendant has numerous complaints against it across the country asserting that its ATDS continues to call individuals, despite said individuals having requested for the calls to stop.

42. Defendant has had numerous complaints filed against it from consumers from across the country, whereby consumers ask not to be called by Defendant; however, Defendant continued to call such consumers nonetheless.

43. Defendant violated the TCPA with respect to Plaintiff.

44. Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff.

## COUNT I.
## VIOLATION OF THE TCPA

45. Plaintiff incorporates by referenced paragraphs 8-44 of this Complaint as thought fully set forth herein.

46. Defendant willfully violated the TCPA with respect to Plaintiff, *at minimum*, for each of the autodialer calls made to Plaintiff's Cellphone after the Original Revocation Call.

47. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's

Cellphone using an ATDS and/or prerecorded or artificial voice without Plaintiff's prior express consent in violation of, *inter alia*, 47 U.S.C. § 227(b)(1)(A)(iii).

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, treble damages, punitive damages, actual damages, and any other such relief this Court may deem just and proper.

## COUNT II.
## VIOLATION OF THE FCCPA

48. Plaintiff incorporates by referenced paragraphs 8-44 of this Complaint as thought fully set forth herein.

49. At all times material hereto, Defendant is subject to, and must abide by, the laws of Florida, including Florida Statute § 559.72.

50. Defendant violated Florida Statute § 559.72(7) by willfully communicating with Plaintiff and/or members of Plaintiff's family with such frequency as can be reasonably expected to harass Plaintiff or any member of Plaintiff's family.

51. Defendant violated Florida Statute § 559.72(7) by willfully engaging in conduct which can be reasonably expected to abuse or harass Plaintiff or any member of Plaintiff's family.

52. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against defendant for statutory damages, punitive damages, actual damages, costs, interest, attorneys' fees, enjoinder from further violations of these parts, and any other relief this Court may deem just and proper.

DATED: October 29, 2016

                                            Respectfully Submitted,

                                             /s/ Jibrael S. Hindi                                   .
                                            **JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:     jibrael@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:     954-907-1136
Fax:          855-529-9540

                AND

  /s/ Thomas J. Patti                                    .
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:     tpatti@thomasjohnlaw.com
Thomas-John Law, P.A.
110 SE 6th Street, Suite 1700
Fort Lauderdale, Florida 33301
Phone:     954-543-1325
Fax:          954-507-9975

*COUNSEL FOR PLAINTIFF*